UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────

DAMON MONK, *et al.*,

                Plaintiffs,

        -v-

ALBERTO LUNA, *et al.*,

                Defendants.

22-CV-3513 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    This action was commenced in state court on May 26, 2020. Defendant Alberto Luna filed a petition for removal with this Court on April 30, 2022. Recognizing that the removal was filed after the one-year deadline set forth in 28 U.S.C. § 1446(c)(1), Defendant argues that this Court should find that the exception in that subsection applies – i.e., that "the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

    After reviewing the parties' statements and the pertinent email correspondence, the Court does not find that Plaintiffs acted in bad faith in preventing removal or that equitable considerations otherwise warrant an exception to the one-year removal deadline. On September 1, 2020, Plaintiffs' counsel informed Defendant's counsel by email: "Damon's damages are likely less than 75k . . . . Ms. [Ramkisoon's] damages are approximately 75k. . . . Clearly, each case could be settled today for 75k or less. But combined the demand is likely more than 75k." (Dkt. No. 1-9 at 4 (emphasis added).) The case was removable at that point. It is true that, nine days later, Plaintiffs' counsel indicated that he "can settle both cases for less than 75k." (*Id.*) But his statement that he "can settle" the cases for that amount does not mean that the "amount in controversy" fell below $75,000. Plaintiffs' counsel contends that his settlement demand as of

September 10, 2020 was a legitimate, good faith demand, and the Court cannot find by a preponderance of the evidence that it was not.

Accordingly, this case is hereby REMANDED to New York Supreme Court for New York County.

SO ORDERED.

Dated: September 20, 2022
       New York, New York

_____
J. PAUL OETKEN
United States District Judge